# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| LAKIESHA HOLMES, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:17-cv-02266-STA-egb |
| SOUTHWEST HUMAN RESOURCE AGENCY, | ) |
| Defendant. | ) |

## ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL DISMISSAL

Plaintiff Lakiesha Holmes filed this action against her former employer, Southwest Human Resource Agency ("Southwest"), alleging that she was subjected to unlawful retaliation and discrimination on the basis of her religion and was ultimately terminated in violation of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000e *et seq*. Defendant Southwest has filed a motion to dismiss Plaintiff's claim of religious discrimination in its entirety and her retaliation claim to the extent that it is based on the events leading up to her 2016 charge of discrimination on the ground that Plaintiff did not exhaust her administrative remedies on these claims. (ECF No. 13.) Plaintiff has filed a response to Defendant's motion (ECF No. 14), and Defendant has filed a reply to the response. (ECF No. 15.) For the reasons set forth below, Defendant's motion for partial dismissal is **GRANTED**.

Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). A complaint need not contain "detailed factual allegations," but it must contain more than "labels

and conclusions" or "a formulaic recitation of the elements of a cause of action...." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In deciding whether the plaintiff has set forth a plausible claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption is not applicable to legal conclusions, however. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). The failure to exhaust administrative remedies is a condition precedent to an action in district court and may be asserted in a Rule 12(b)(6) motion. *See McKnight v. Gates*, 2007 WL 1849986 at *2 (M.D. Tenn. 2007) ("[A] failure to exhaust administrative remedies . . . is not a jurisdictional bar, but rather a condition precedent to an action in federal court," and, therefore, the exhaustion issue is analyzed under Rule 12(b)(6) rather than Rule 12(b)(1)).

## Analysis

It is well-settled that exhaustion of administrative remedies is a prerequisite to filing a district court lawsuit alleging discrimination under Title VII, s*ee Brown v. General Serv. Admin.*, 425 U.S. 820, 823-33 (1976), and that a plaintiff may only bring a Title VII action in district court after she has exhausted the administrative remedies provided under 42 U.S.C. § 2000e-16.

Thus, timely filing a charge with the Equal Employment Opportunity Commission ("EEOC") and subsequently filing a complaint in federal district court in a timely manner are prerequisites to maintaining a Title VII action. *See Lomax v. Sears, Roebuck, & Co.*, 2000 WL 1888715 at *6 (6th Cir. Dec. 19, 2000) (reiterating that "when a claim is not first presented to the EEOC, the claim may not be brought in court").

Such "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984). Jurisdictional filing requirements may not be set aside just because a plaintiff initiates an action without the assistance of counsel and is unfamiliar with the mechanics of Title VII.[1] *See Askew v. Stone*, 1996 WL 135024 at *3 (6th Cir. Mar. 25, 1996) ("Despite the fact that Askew initiated this action without the assistance of counsel and was unfamiliar with Title VII's procedural requirements, she failed to comply with the strict procedural and time limitations imposed by statute.")

In order to exhaust Title VII's administrative remedies, a plaintiff must "trigger the investigatory and conciliatory procedures of the EEOC so that the Commission may first attempt to obtain voluntary compliance with the law.... These investigatory and conciliatory procedures notify potential defendants of the nature of plaintiffs' claims and provide them with the opportunity to settle the claims before the EEOC rather than litigate them." *Davis v. Sodexho, Cumberland College Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998). A plaintiff must exhaust her administrative remedies for each and every claim. *Id.*

---

[1] Plaintiff was acting pro se when she filed her second charge of discrimination in February 2017. (Reply p. 3 n. 1, ECF No. 15.

In *Davis*, the court determined that the plaintiff could not bring an action in federal court under the Age Discrimination in Employment Act when her EEOC charge of discrimination indicated "race" and "other" as the motivations for the discrimination and "[n]owhere on the form did she indicate age as a potential cause of discrimination." *Id.* Likewise, in *Younis v. Pinnacle Airlines*, 610 F.3d 359, 362 (6th Cir. 2010), the Sixth Circuit held that a Title VII plaintiff did not exhaust his retaliation claim when he failed to check the "RETALIATION" box on the charge form or include any allegations of retaliation in his narrative.

An exception that the Sixth Circuit has recognized to permit a plaintiff to file a complaint in federal court when the claims were not included in the EEOC charge is for claims "reasonably expected to grow out of the charge of discrimination." *Davis*, 157 F.3d at 463 (quoting *EEOC v. McCall Printing Corp.*, 633 F.2d 1232, 1235 (6th Cir. 1980). To meet this criteria, the EEOC investigation of one charge must "in fact reveal[ ] evidence of a different type of discrimination against the plaintiff." *Davis*, 154 F.3d at 463 (citing *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)). The reason for the "expanded rule is that charges are frequently filed by lay complainants, and the courts recognize that subsequent actions should not be restricted by the failure of a complainant to attach the correct legal conclusion to the EEOC claim, conform to procedural technicalities, or include 'the exact wording which might be required in a judicial pleading.'" *Davis*, 157 F.3d at 463 (quoting *Bailey*, 563 F.2d at 447; *McCall Printing*, 633 F.2d at 1235). However, this exception does not mean "that plaintiffs are excused from filing charges on a particular discrimination claim before suing in federal court." *Davis*, 157 F.3d at 463. If that were to occur, then the "charge filing requirement would be written out of the law, and the triggering and conciliation functions disabled." *Id.* at 464.

In the present case, Plaintiff completed a charge of discrimination with the EEOC on November 17, 2016. (First Charge, ECF No. 13-2.)² Plaintiff checked only the box for discrimination based on "religion." In the narrative, she stated, "I believe I have been discriminated against based on my religion (Jehovah Witness), in violation of Title VII…." (*Id.*) The EEOC issued a dismissal and notice of rights letter on November 18, 2016. (2016 Right-to-Sue Letter, ECF No. 13-3.) The letter stated, in pertinent part: "Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost." *(Id.* (emphasis in original)).

Plaintiff filed a second charge of discrimination with the EEOC on February 3, 2017. (Second Charge, ECF No. 13-4.) This time, Plaintiff checked only the box for discrimination based on retaliation. The narrative stated, in part, that "I believe that I have been discriminated against due to my filing a previous charge of discrimination...." (*Id.*) There is no mention of religion or religious discrimination in the second charge. The EEOC issued a dismissal and notice of rights letter on February 8, 2017. (2017 Right-to-Sue Letter, ECF No. 13-5.) Plaintiff filed her complaint in this Court on April 19, 2017, which was 152 days after the 2016 right-to-sue letter was issued.

Defendant contends that any retaliation claim contained in the first charge of discrimination is time-barred and should be dismissed. To the extent that Plaintiff alleged a retaliation claim in the first charge for events occurring prior to the date of her first charge (and it does not appear that she did so), Defendant is correct that that claim must be dismissed because this lawsuit was filed more than ninety days after the first right-to-sue letter was issued. *See*

---

² The EEOC documents attached to Defendant's motion to dismiss do not convert the motion into a motion for summary judgment. *See Caplinger v. Uranium Disposition Servs., LLC*, 2009 WL 367407 at **5-7 (S.D. Ohio Feb. 11, 2009) (holding that, in support of a motion to dismiss, a court can properly review public records, such as documents filed with the EEOC, that were not attached to a complaint without converting the motion to a motion for summary judgment).

*Page v. Metro Sewer Dist. of Louisville & Jefferson Cnty.*, 84 F. App'x 583, 584 (6th Cir. 2003) ("Before filing a Title VII claim, a plaintiff must receive a right-to-sue letter from the EEOC and then file suit within ninety days after receiving the right-to-sue letter."). However, Plaintiff has exhausted her administrative remedies and has filed a timely lawsuit based on her allegations in the second charge that she was retaliated against because she filed her first charge with the EEOC. This claim survives Defendant's motion to dismiss.

As for Plaintiff's religious discrimination claim, Defendant argues that Plaintiff (1) failed to timely file her religious discrimination claim after receiving the first right-to-sue letter and (2) failed to exhaust her administrative remedies for a claim of religious discrimination in her second EEOC charge.

Plaintiff faces the same hurdle for her claim of religious discrimination in her first charge as she did for any claim of retaliation in her first charge. That is, she did not file her complaint in this Court until more than ninety days after receiving her first right-to-sue letter. Therefore, Plaintiff's Title VII religious discrimination claim in her first charge of discrimination is time-barred and is dismissed.[3]

Plaintiff contends that she exhausted her religious discrimination claim in the second charge of discrimination, even though she failed to check the "religion" box. According to Plaintiff, in her second charge narrative, she "referred back to her original charge of discrimination where she specifically laid out the claim for being discriminated against based on her religion." (Resp. p. 2, ECF No. 14-1.)

In the second charge narrative, Plaintiff stated as follows:

On October 18, 2016, I filed a charge of discrimination against the company. On November 18, 2016, the case was closed.

---

[3] Plaintiff will be allowed to present evidence of the filing of her first charge to the trier of fact to show why Defendant allegedly retaliated against her.

> On January 5, 2017, On [sic] Mike Smith, stated in a group setting that I had filed a claim with the EEOC, and that if I keep recording it could be consequences.
>
> However, On [sic] occasions Karen Vineyard had her phone recording. Smith also stated that if my co-workers felt discriminated they could file a charge also against me.
>
> On January 9, 2017, a false claim was filed against me with the Department of Children Services, by Karen Vineyard, the assistant Director. Due to the false report, I was terminated.
>
> I believe that I have been discriminated against due to my filing a previous charge of discrimination (490-2017-00907) in violation of Title VII of the Civil Rights Act of 1964, as amended.

(Second Charge, ECF No. 13-4.) Based on this language, Plaintiff argues that her claim of religious discrimination in her first charge could reasonably be expected to be included in the scope of the EEOC's investigation of her second charge. Plaintiff's argument is not persuasive. Plaintiff's reference in her second charge to her first charge does not preserve her religious discrimination claim because that claim could not be reasonably expected to grow out of her second charge.

To determine whether a plaintiff exhausted her administrative remedies on a particular claim, the Sixth Circuit applies the "expected scope of investigation test." *Spengler v. Worthington Cylinders*, 15 F.3d 481, 490 (6th Cir. 2010). Thus, "the judicial complaint must be limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." *Weigel v. Baptist Hosp. of E. Tenn.*, 302 F.3d 367, 380 (6th Cir. 2002). A plaintiff must "have alleged sufficient facts in his or her EEOC complaint to put the EEOC on notice of the other claim even though the plaintiff failed to check the appropriate box on the EEOC's complaint form." *Spengler*, 15 F.3d at 490. When "facts related with respect to the

charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim." *Younis*, 610 F.3d at 362.

Here, the facts alleged in Plaintiff's second charge would not have prompted the EEOC to investigate religious discrimination. Plaintiff's religion is nowhere referenced in her second charge. Plaintiff referred to her first charge in the second charge for the purpose of establishing that Plaintiff had engaged in protected activity, an element necessary to establish a claim of retaliation, s*ee Long v. Ford Motor Co.*, 657 F. Supp. 2d 919, 933 (W.D. Tenn. 2009) (finding that the filing of an EEOC charge constituted protected activity) - not to reassert her religious discrimination claim.

Accordingly, the Court finds that Plaintiff's second charge did not give the EEOC sufficient notice of her religious discrimination claim so that the EEOC could investigate or facilitate conciliation with Defendant, and her religious discrimination claim must be dismissed for failure to exhaust administrative remedies. *See Younis*, 610 F.3d at 360 (6th Cir. 2010) (dismissing the plaintiff's retaliation claim for failure to exhaust administrative remedies when the plaintiff marked boxes for "discrimination based on religion and national origin" but "did not indicate that he was alleging retaliation" in his EEOC charge and "nothing in the [plaintiff's] narrative portion of the EEOC charge . . . could be interpreted as claiming retaliation," and there was no "language that would have put the EEOC or the employer on notice that Younis was alleging retaliation by Pinnacle [the defendant].") *See also Simmons v. American Apartment Mgmt. Co., Inc.*, 1 F. Supp. 3d 838, 849 (E.D. Tenn. 2014) (finding that the pro so plaintiff failed to exhaust her administrative remedies because "it could not reasonably be expected that an EEOC investigation of age discrimination would grow out of Plaintiff's claims of race and religious discrimination and retaliatory discharge").

Defendant's motion to dismiss Plaintiff's retaliation claim to the extent that it was contained in her first EEOC charge and her religious discrimination claim is **GRANTED**. Plaintiff will be allowed to proceed only on the retaliation claim that was the subject of her second EEOC charge.

**IT IS SO ORDERED.**

s/ **S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: August 30, 2017.